**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George K. WILSON, Defendant-Appellant.**

**No. 15361.**

United States Court of Appeals
Seventh Circuit.

May 24, 1966.

Rehearing Denied June 20, 1966.

Palmer K. Ward, Indianapolis, Ind., for appellant.

Richard P. Stein, David W. Mernitz, Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

George K. Wilson, defendant, appeals from a judgment of the district court, on a jury verdict, finding him guilty, as an accessory after the fact, in violation of Title 18 U.S.C. § 3, to the robbery by David William Scarbrough of a federally insured savings and loan association in Indianapolis, Indiana, as defined in Title 18 U.S.C. § 2113(a).

The indictment charged that defendant knew that Scarbrough had commited the robbery.

At the time of the trial of Wilson, Scarbrough had entered a plea of guilty and had been sentenced by the court. At the conclusion of its case in chief against Wilson, the government moved that the court call Scarbrough as a court's witness. Government counsel stated that it was apparent from the indictment that Scarbrough was a material witness to the events surrounding the charges then being tried but that he had given conflicting testimony to the government and it was unable to vouch for his credibility as a witness or to call him as its own witness.

Thereupon attorney Ward, representing Wilson, objected. The court, outside the presence of the jury, then called Scarbrough to the witness stand and he gave an account of the robbery, being followed by an agent of the Federal Bureau of Investigation who testified as to statements of Scarbrough prior to the trial which government counsel contended were inconsistent with his testimony on the witness stand. Thereupon the government's motion was withdrawn with the following statement by its counsel:

"* * * His [Scarbrough's] testimony has been elaborated so that the defendant is aware of what it can be, and since it appears to be favorable to the defendant's case, why, we will let the defendant make the choice as to whether he desires to call him. * * *"

However defendant then made his defense before the jury without calling Scarbrough as his witness. Again the government made a motion that the court call Scarbrough as its own witness and the motion was granted over the objection of defense counsel.

The court said that either side might cross-examine the witness because neither side vouched for his credibility. Scarbrough was sworn as a witness again, this time in the presence of the jury which had returned to the courtroom. The court told the jury that Scarbrough was called as a court's witness which meant that neither side vouched for his credibility and that either side might cross-examine him. Only the government availed itself of this opportunity to cross-examine Scarbrough. It now contends, and we agree with it, that Scarbrough's testimony, if believed, was favorable to Wilson.

1. By proper motions made at the close of the government's case and at the close of all the evidence, Wilson's counsel contended that there was no evidence before the district court that he had knowledge that Scarbrough had committed the bank robbery, as charged.

The verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. In brief summary, there was evidence tending to prove these facts: Wilson followed Scarbrough who was driving a disabled white 1961 Chevrolet car, up River Road at breakneck speed; when Scarbrough's car could proceed no farther he got into Howe's [1] red Chevrolet car, which carried the proceeds of the robbery. Wilson watched all this. Within minutes, Howe and Wilson gave the latter car to Scarbrough and returned to the disabled Chevrolet in Wilson's Thunderbird car. They changed

1. The local barber.

a tire on Scarbrough's Chevrolet in haste, removed a stolen license plate and hid it in the grass. Then Howe drove off in that Chevrolet and Wilson left in the Thunderbird.

■ We hold that the evidence was clearly sufficient to support the jury's verdict that Wilson assisted Scarbrough with knowledge that he had robbed a bank.

■ While the government's case against Wilson includes circumstantial evidence, it must be borne in mind that such evidence is intrinsically no different from testimonial evidence. It is primarily the duty of the jury to weigh the chances that the evidence correctly points to the guilt against the possibility of innocence or ambiguous inference. The jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more. Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954). We might also point out that circumstantial evidence is not as vulnerable, when the test of veracity is applied, as the oral testimony of witnesses may be. It has been said that witnesses may lie, but that circumstances do not.

■ 2. In arguing that there is no evidence that Wilson had any knowledge that Scarbrough had robbed a bank, his counsel in this court takes the position that, since the government withdrew its request for the court to call Scarbrough as a witness until after both sides had rested in the case, its renewal of the request and the granting thereof by the trial court was an abuse of judicial discretion and prejudicial to defendant.

Certainly the government, not being willing to vouch for the credibility of Scarbrough as a witness, repeatedly made clear its position that Scarbrough would not have been valuable to the government as *its* witness. The government did take the initiative in informing the court of its position and suggesting that the court call Scarbrough as a court wit-

ness. His testimony was thus taken outside the presence of the jury and was available to the defense, which did not see fit to avail itself of the opportunity of having its contents revealed to the jury.

This situation is unusual, but we find that defendant has not been harmed in any manner thereby.

In Marshall v. United States, 9 Cir., 355 F.2d 999, at 1011 (1966), the court said:

"Prosecutors have a narrow line to walk in avoiding possible perjured testimony, and yet are required to present 'all the material evidence' within their knowledge, irrespective of the source, even though there appears to be sound reason to doubt its accuracy. Cf. Thomas v. United States, 343 F.2d 49 (9th Cir. 1965); Orebo v. United States, 293 F.2d 747 (9th Cir. 1961).

"The prosecution has the best chance to stay within the prescribed narrow path by permitting the jury to hear

'the testimony of all persons of competent understanding who may seem to have knowledge of the facts involved in a case, leaving the credit and weight of such testimony to be determined by the jury or by the court, rather than by rejecting witnesses as incompetent.' [sic] Rosen v. United States, 245 U.S. 467, 471, 38 S.Ct. 148, 150, 62 L.Ed. 406 (1918).

"Fairness is an element of due process, and we discern no element of unfairness in calling Dandolas as a witness, and then questioning certain parts of his testimony."

We certainly cannot say that the district court abused its discretion in calling Scarbrough as a court's witness outside the presence of the jury, under the circumstances as shown by this record. Moreover we hold that the defendant was not in any way prejudiced thereby.

For these reasons, the judgment from which this appeal was taken is affirmed.

Judgment affirmed.