**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David Richard NORTON, Defendant-**
**Appellant.**

**No. 71-3610**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 13, 1972.

Rehearing Denied Aug. 1, 1972.

Thomas M. Haas, Mobile, Ala. (court-appointed), for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Edward J. Vul-evich, Jr., Asst. U. S. Attys., Mobile, Ala., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

David Richard Norton appeals from a conviction as an accessory after the fact to bank robbery in violation of 18 U.S.C. § 3.[1] Norton was found guilty by a jury and sentenced under the Youth Corrections Act, 18 U.S.C. § 5010(b). We affirm.

Norton's principal claim is that the evidence was insufficient to convict him.[2] At approximately 1:30 p. m. on September 22, 1970, three men robbed a branch of the First Federal Savings and Loan Association of Mobile at gunpoint. Norton had known the individual robbers for periods ranging from five months to five years prior to the robbery. The robbers had been with Norton the evening prior to the robbery and the morning prior to the robbery. The robbers fled to his residence shortly after they committed the robbery. Norton instructed his younger brother to burn clothing belonging to the robbers and to remove the license tags from his automobile. Norton aided the robbers in their escape and lied to FBI agents as to the whereabouts of the robbers. Norton defended the charge on the theory that he had been coerced by the robbers and performed acts to assist them under extreme duress. The jury clearly rejected this contention. Taking the view of the evidence most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we find substantial evidence to support the jury's verdict. There is abundant evidence from which the jury

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. 18 U.S.C. § 3 provides in pertinent part: "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or as- sists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."

2. Norton claims that the Government failed to prove a material allegation of the indictment, namely, that he knew that the robbers had committed a bank robbery when he allowed them to enter his residence.

could have inferred that appellant knew the robbers had committed the offense, and that with such knowledge appellant rendered assistance in order to hinder or prevent their apprehension, trial or punishment. See United States v. Davis, 5 Cir., 1971, 443 F.2d 560, 563–564; McFarland v. United States, 5 Cir., 1960, 273 F.2d 417; United States v. Harper, 5 Cir., 1971, 450 F.2d 1032, 1040; Hiram v. United States, 9 Cir., 1965, 354 F.2d 4; United States v. Wilson, 7 Cir., 1966, 361 F.2d 134.

We have carefully reviewed Norton's other claims of error [3] and find them to be without merit.

Affirmed.

3. Norton also claims that the District Court erred in allowing the prosecution to introduce into evidence a part of a prior statement of his younger brother which was materially different from the testimony of the witness in Court, when the witness was placed on the stand by the prosecution and the issue was crucial in the trial of the case; in admitting various statements of appellant; and in allowing the prosecution to dwell upon immaterial social, immoral conduct of appellant in cross-examination of appellant.