Peter C. CRUZ, et al., Petitioners-Appellants,

v.

The Honorable Paul J. ABBATE, Respondent-Appellee,

and

The People of the Territory of Guam, et al., Real Parties in Interest-Appellees.

No. 86–1580.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 1987.

Decided March 12, 1987.

Howard Trapp, Agana, Guam, for petitioners-appellants.

Superior Court, Mari L. Myer, Guam, for respondent-appellee.

Before NELSON, KOZINSKI and NOONAN, Circuit Judges.

KOZINSKI, Circuit Judge.

### Facts

Petitioners are defendants in four separate criminal cases pending in the Superior Court of Guam. Each petitioner moved respondent, the Presiding Judge of the Superior Court, for random assignment of his case to one of the court's seven judges (including one pro tem judge). The Guam Code of Civil Procedure does not specify a method for the assignment of cases; it merely directs the Presiding Judge to accomplish the task. Guam Civ.Pro.Code § 85 (Supp.1984). Respondent's method is simple: he assigns each case to the judge of his choice. Petitioners claimed that this method was, or at least gave the appearance of being, arbitrary and unfair, and should be replaced by a random assignment system. Respondent struck the motions as frivolous, refusing to alter his practice.

Petitioners then sought a writ of mandamus in the appellate division of the district court of Guam directing respondent to adopt random assignment or a similar method. Under 48 U.S.C. § 1424–3 (Supp.

III 1985), the district court of Guam has appellate jurisdiction over the local Guamanian courts. Respondent moved to dismiss the petition for failure to state a claim upon which relief could be granted. The Presiding Judge of the appellate division, acting alone, granted the motion. Petitioners appeal.

### Discussion

Petitioners' first contention is jurisdictional. They argue that the Presiding Judge of the appellate division may not unilaterally dispose of a mandamus petition on the merits. They base their argument on the statute that establishes appellate jurisdiction in the district court of Guam, which provides:

> Appeals to the District Court of Guam shall be heard and determined by an appellate division of the court consisting of three judges, of whom two shall constitute a quorum.... The concurrence of two judges shall be necessary to any decision of the appellate division of the district court on the merits of an appeal, but the presiding judge alone may make any appropriate orders with respect to an appeal prior to the hearing and determination thereof on the merits and may dismiss an appeal for want of jurisdiction or failure to take or prosecute it in accordance with the applicable law or rules of procedure.

48 U.S.C. § 1424–3(b). Petitioners argue that their petition for a writ of mandamus constitutes an appeal under this section, which must be considered by a full appellate panel. Respondent, on the other hand, argues that the mandamus petition is an interlocutory matter, properly handled of by the Presiding Judge alone.

■ Section 1424–3(b) is not on point; it deals with appeals, not with mandamus petitions. The appellate division's authority here is grounded in the All Writs Act, 28 U.S.C. § 1651 (1982), which confers on all courts established by an Act of Congress the power to issue writs "necessary and appropriate in aid of their respective jurisdictions." Although the Act does not specify a procedure for consideration of writ petitions, the supervisory power is perforce vested in the court itself, not in any one of its judges. The appellate division of the Guam district court consists of three judges, with two judges normally required to make a decision. Except where Congress has vested specific authority in the Presiding Judge to issue orders on his own, as it did in section 1424–3(b) as to certain orders in appellate cases, the matter must be considered by a panel of the full court. *See Cotler v. Inter-County Orthopaedic Ass'n*, 530 F.2d 536, 538 (3d Cir.1976) (although civil procedure rule did not specifically apply to mandamus proceeding, court would apply it as in any other action).

■ Respondent complains that logistical problems in assembling a panel of judges would impose delays of several months in the disposition of all writ petitions. The delay, respondent argues, would contravene one of the purposes of the All Writs Act, which is to provide a speedy remedy. Even if this contention were supported by evidence in the record, which it is not, pragmatic considerations cannot supersede express statutory language.

We therefore reverse the appeal and remand to the district court for action by an appellate panel. On remand, the panel shall consider whether respondent's method of case assignment comports with Guam Civ.Proc.Code § 187 (1970). That section requires the procedure adopted to be in conformance with the "spirit of the Code," which, as everyone agrees, is to promote justice. Moreover, the appellate division shall explore whether respondent's method of assigning judges to cases violates petitioners' right to a fair trial, including the right to an impartial tribunal. *See United States v. Navarro-Flores*, 628 F.2d 1178, 1182 (9th Cir.1980) (citing *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)); *United States v. Karnes*, 531 F.2d 214, 216–17 (4th Cir. 1976).

■ The selection of a judge to preside at a criminal trial is a matter of considerable significance to the criminal defendant. The judge to whom the case is assigned has

occasion to set or modify the amount of bail, make numerous discretionary decisions during the trial and determine the severity of punishment after conviction. While a defendant has no right to any particular procedure for the selection of the judge—that being a matter of judicial administration committed to the sound discretion of the court—he is entitled to have that decision made in a manner free from bias or the desire to influence the outcome of the proceedings. While the judicial officer making the assignment decision may do so for almost any reason, however efficient or intelligent, he may not do so for an impermissible reason. Even the broadest discretion is capable of abuse if exercised in a manner that impairs rights guaranteed by the constitution. *See Batson v. Kentucky,* — U.S. —, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (prosecution may not exercise right to peremptory challenges in such a way as to systematically exclude blacks from juries).

The petition here suggests that "[r]espondent ... has displayed arbitrariness and unfairness and has failed to comply with the principles of objectivity and impartiality." Pet. at 16. While the allegations of improper conduct are not very specific, we consider the charges raised by the petition troubling. We must take great pains to avoid any inference that assignments are being made for an improper purpose, particularly where criminal cases are concerned. *Cf. United States v. Flynt,* 756 F.2d 1352, 1355 n. 2 (9th Cir.1985) (assignment of order to show cause should have been made in a manner that avoided appearance of arbitrariness and unfairness). The suggestion that the case assignment process is being manipulated for motives other than the efficient administration of justice casts a very long shadow, touching the entire criminal justice system in the local courts of Guam. Such charges, to the extent they are being raised, must not remain unexamined and unanswered.

On remand, the appellate panel should require petitioners to state their allegations in greater detail and present such evidence as they may have to support them. Re-

spondent would then have an opportunity to meet the charges fully and on the merits. On the basis of this evidence, the appellate division shall determine whether an abuse of discretion or constitutional violation has occurred. If so, it may use its supervisory powers to correct the matter.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**