**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants.**

**No. 88 Civ. 4486 (DNE).**

United States District Court, S.D. New York.

Oct. 11, 1988.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. (Randy M. Mastro, Marla Alhadeff, Richard W. Mark, Allan N. Taffet, Asst. U.S. Attys., and Peter C. Sprung, Sp. Asst. U.S. Atty., New York City, of counsel), for U.S.

Mudge Rose Guthrie Alexander & Ferndon (Jed S. Rakoff, Audrey Strauss, Bart Timothy Schectman, and Ralph P. DeSanto, New York City, of counsel), for defendant, Intern. Broth. of Teamsters.

OPINION & ORDER

EDELSTEIN, District Judge:

On June 28, 1988, the United States government filed this civil action ("IBT action") against the International Brotherhood of Teamsters ("Teamsters" or "Union"), its General Executive Board ("Board"), the individual members of the Board, the Commission of La Cosa Nostra,

and 26 alleged members of La Cosa Nostra ("Cosa Nostra defendants"), alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* On July 7, 1988 this court declined to hear the government's request for a preliminary injunction and, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, set February 27, 1989 as the date for a consolidated trial on the preliminary and permanent relief. Since the order of July 7, 1988, the Union [1] has moved, *inter alia,* for an order directing this case be reassigned. Further, the union has filed a counterclaim against the government seeking a preliminary injunction staying the prosecution of this case before this court. The counterclaim alleges that the assignment of this case has violated the union's fifth amendment rights to due process. The government has moved to dismiss the Union's counterclaim for failure to state a claim. For the reasons stated below, defendant's motion for reassignment is denied and the government's motion to dismiss the counterclaim is granted.

## BACKGROUND

On January 14, 1988, *United States v. Long,* 87 Cr. 943 was assigned to this court by the process commonly referred to as the "wheel." [2] *Long* is a criminal case charging John F. Long and John S. Mahoney, Jr. with,[3] *inter alia,* violations of RICO arising out of corruption in two Teamster Locals. In May of this year, the government filed a civil RICO action ("Civil Action") that parallels the charges against Long and Mahoney. The Civil Action was assigned by lot to the late Judge Daronco and was subsequently transferred by lot to Judge Stanton. By agreement of the government and the defendants, and with the consent of this court, the Civil Action was transferred to this court pursuant to Local Rule 16. The complaint in the IBT action was forwarded to this court by the clerk's office because the designation sheet that accompanies every civil action filed in this district indicated it was related to the Civil Action. This statement of relatedness is required by the local rules of this court. *See* Local Rules for the Division of Business 15. This court then accepted the IBT action, pursuant to Rule 15.

## I. MOTION FOR REASSIGNMENT

The Union contends that the designation of this case as related by the government was an abuse of the Local Rules of this court and therefore, the case should be reassigned. The Union's position is that trying this case before this court will not save any judicial resources; that the transfer of the Civil Action to this court was a sham, the only purpose of which was to enable the government to have the instant case assigned to this court; and that the Civil Action and the instant action have only a *de minimis* relationship.

Initially it must be noted exactly which events are being challenged by the Union. It is clear the Criminal Case was properly assigned to this court by random assignment in open court. Further, the Civil Action was transferred to this court by agreement of the judges and with the consent of all the attorneys involved, and therefore, was entirely proper under the

1. Various individual defendants, including, Francis Sheeran, Weldon Mathis, Edward M. Lawson, and Arnold Weinmeister have joined the instant motions by the Union. Whereas all defendants joining the motion rely on the Union's arguments, this opinion refers to the Union, although the decision is addressed to all the defendants joining in the motions.

2. Each Thursday morning in the Part I Courtroom, a United States Magistrate presides over arraignments. There are three wheels on the bench, designated A, B, and C, that correspond to the expected length of trial, A being the shortest and C the longest. Each wheel contains cards with the name of the judges in the district. After the defendant is arraigned, the Magistrate spins the wheel that corresponds to the anticipated length of the trial for the arraigned defendant and pulls out a card. The case is then assigned to the judge whose name appears on the card.

3. The initial indictment named only Long, but three superseding indictments added Mahoney, as well as charges, to the indictment.

Local Rules.[4] Finally, the clerk's office, pursuant to the Local Rules, referred the IBT action to this court because the designation sheet indicated a relationship. It is this final action that is challenged by the Union.

Local Rule 15 provides in relevant part:

If it appears from the information and designation sheet or otherwise that a civil action or proceeding is related to a previously filed civil case still pending in this court, the newer case (highest docket number) shall be assigned to the same judge to whom the older case (low docket number) was assigned....

When a case is designated as related by a plaintiff, the clerk's office forwards the complaint and the designation sheet to chambers. If the judge accepts the case as related, then a memorandum indicating the acceptance is sent to the assignment committee. If the judge does not accept the case, the file is returned to the assignment committee for assignment by lot. In either case, the parties have absolutely no say in the court's decision to accept or to reject the purportedly related case. As a review of Local Rule 15 and the procedure for treatment of related cases indicates, the decision whether to accept or to reject a case is solely in the judge's discretion. To argue then that the government, or any other plaintiff, manipulated Rule 15 misses the point. The decision to accept this case was neither in the hands of the union nor the government, but rather was made by this court.

The Union does not contend, however, that this court has erred in accepting the case;[5] in fact, it could not do so. The

preface to the Local Rules for the Division of Business clearly states that:

These rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys....

See also United States v. Sinito, 750 F.2d 512, 515 (6th Cir.1984); United States v. Torbert, 496 F.2d 154, 157 (9th Cir.), cert. denied, 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed. 2d 91 (1974). Moreover, the Chief Judge of this district has recently stated that, "No attorney has any rights in [Rule 15]. That was put in solely for the benefit of the judges, to ensure the equality of caseloads.... Nobody has a right to any particular judge, [e]verybody has a right to an unbiased judge." Manhattan Lawyer, September 20–26, 1988, at 10. It should be clear that the litigants have no rights in Rule 15, and that they have no say in the assignment system.

To summarize, the government has complied with the Local Rules for the Division of Business by noting the relatedness between the Civil Action and the IBT action. The decision to accept the case was for this court alone to make. Further, the parties have no substantive rights in Rule 15. Accordingly, the Union's motion for reassignment is hereby denied.

## II. DUE PROCESS VIOLATION

The Union has filed a counterclaim charging that, even if the government complied with the local assignment rules, the conduct of the government leading up to the filing of this action violates the fifth amendment due process clause. The counterclaim seeks expedited discovery, an evi-

---

4. The Union appears to argue that the government was underhanded in not telling the defendants in the Civil Action that they intended to file the instant case and label it as related. Even assuming arguendo that one of the government's purposes in having the Civil Action transferred was to open up the possibility of bringing the instant case before this court, the government had no obligation to reveal its strategy to the defendants in the Civil Action, or to anyone else.

5. At the pretrial conference held on July 25, 1988 Mr. Grady, the general counsel for the

Union, stated unequivocally that "there is no question about your Honor." See Transcript at 37. The Union's argument is clearly based on the appearance of bias or unfairness. See id. Moreover, the Union president, William J. McCarthy, has been quoted as saying "the judge handling the case is 'an older man with tons of experience; tough ... but fair and honest.'" Wall Street Journal, July 18, 1988. Thus, the court is confident that the parties themselves do not claim nor do they perceive any bias or prejudice on the part of this court.

dentiary hearing, and ultimately a preliminary injunction against the prosecution of the instant action before this court. The Union argues that it is entitled to a fair trial in a fair tribunal and that in this regard even the appearance of impropriety will not be tolerated. Therefore, in light of the events described *supra* the Union contends that the government's conduct indicates an intent wrongfully to manipulate the assignment of this case so as to bring it before this court. The government has moved to dismiss the Union's counterclaim on the ground that is fails to state a claim.

The Union relies on *Cruz v. Abbate*, 812 F.2d 571 (9th Cir.1987) for the proposition that misconduct in the assignment of a case implicates the due process clause. *Cruz* involved a challenge to the case assignment system in the Superior Court of Guam, which allowed the Presiding Judge free reign to assign criminal cases. The petitioner alleged that cases were being assigned arbitrarily. The Ninth Circuit, in remanding the case for further factfinding, held that some methods of assignment may violate due process if the assignments are made for improper purposes.

The Union correctly notes that *Cruz* recognizes a fifth amendment right against the assignment of cases by judicial officers for improper purposes. Nevertheless, *Cruz* is inapposite to the instant case. In the instant case, the local procedures were clearly followed, and thus the assignment was not arbitrary. *Compare Cruz, supra*, 812 F.2d at 573. Further, whereas *Cruz* raised the question of *judicial* misconduct in the assignment procedure, the instant case raises allegations of *prosecutorial* misconduct. *See id.* at 572. As the Ninth Circuit stated, a judicial officer may assign cases for almost any reason that is free from bias or the desire to influence the outcome. *See id.* at 574. The Union in this case has not claimed that this court accepted the instant case as related for any improper reason; its claim charges that the prosecutor improperly manipulated the case before this court. *Cruz*, therefore, does not dictate reassignment of this case.

Moreover, it is clear that to state a due process claim for prosecutorial "steering" a defendant must demonstrate that some prejudice will flow from the misconduct. *See, e.g., United States v. Gallo*, 763 F.2d 1504, 1532 (6th Cir.1985), *cert. denied*, 474 U.S. 1068, 106 S.Ct. 826, 88 L.Ed.2d 798 (1986); *Sinito, supra*, 750 F.2d at 515; *Torbert, supra* 496 F.2d at 157; *United States v. Simmons*, 476 F.2d 33, 35 (9th Cir.1973). The Union has not pointed to any prejudice as a result of the case being heard by this court. In fact, the Union has stated in open court and in its moving papers that it has no question of the court's impartiality or motives. *See supra* note 4. It is apparent that the Union, and all the defendants for that matter, will receive a fair and impartial trial, which is what the Union seeks and all to which it is entitled. *In re Murchison*, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955); *see United States v. Long*, 697 F.Supp. 651 (S.D.N.Y.1988). Accordingly, whereas the Union has failed to demonstrate prejudice, which is an essential element of its fifth amendment claim, its counterclaim must be dismissed for failure to state a claim.

## CONCLUSION

Defendants' motion for reassignment of the case is denied. The government's motion to dismiss the defendants' fifth amendment counterclaim is dismissed for failure to state a claim. Accordingly, the motion for preliminary injunction is dismissed as moot.

SO ORDERED.