39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond BRUNNER, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary, Department of Health & Human
Services, Defendant-Appellee.
 No. 93-55280.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1994.*
Decided Nov. 4, 1994.
 
 Before: FEINBERG,* SCHROEDER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 1. Plaintiff Raymond Brunner appeals from the judgment of the district court, granting defendant Secretary's motion for summary judgment and finding that the Secretary's final decision was supported by substantial evidence. Plaintiff filed for disability benefits in December 1989. The ALJ found plaintiff not disabled in a decision dated December 9, 1991 (ALJ's decision). That decision became the Secretary's final decision when the Appeals Council declined to review it. Because the ALJ's decision was supported by substantial evidence and was free from legal error, we must affirm. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989); Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir.1984).
 
 
 3
 2. Substantial evidence supported the ALJ's factual findings. Medical test results revealed no underlying significant back injury. [Tr. 153-54, 182-83, 193, 195]. At oral argument, appellant's counsel brought to the court's attention a document from the file suggesting that surgery was necessary for a herniated disk. [Tr. 164]. Later exhibits indicate, however, that a herniated disk was ruled out and the final diagnosis was back strain, which was expected to improve with conservative treatment. [Tr. 182-83]. The ALJ was not required to accept the opinion of Dr. Sofia, an examining physician, regarding appellant's physical limitations. Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir.1992). Dr. Sofia did not explain the basis for his conclusions, and the ALJ could properly resolve ambiguities and conflicts in the medical evidence when determining that appellant could do sedentary work. Magallanes, 881 F.2d at 750.
 
 
 4
 3. Through the testimony of a vocational expert, the Secretary satisfied her burden of showing that specific jobs in the national economy were suitable for someone of appellant's age, education, work experience and physical ability [Tr. 44, 72-76]. Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir.1982). Therefore, the ALJ could properly find appellant not disabled. The assumptions underlying the vocational expert's testimony were based on substantial medical evidence. The ALJ was not required to accept all of appellant's alleged limitations in framing his hypothetical questions to elicit testimony from the vocational experts. Copeland v. Bowen, 861 F.2d 536, 540-41 (9th Cir.1988).
 
 
 5
 4. The ALJ gave a detailed assessment of appellant's subjective complaints of pain and provided adequate reasons for rejecting those. Bunnell v. Sullivan, 947 F.2d 341, 343-47 (9th Cir.1991) (en banc); Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). The ALJ was entitled to consider that appellant filed for benefits six months before seeking any medical treatment and that he had not sought treatment for several years before that. The ALJ was also entitled to consider that appellant failed to pursue physical therapy and stopped working long before his back injury in deciding whether to credit appellant's assertions of disabling pain. [Tr. 35-36, 55-56, 63, 76]. Fair v. Bowen, 885 F.2d 597, 602-04 (9th Cir.1989); Drouin v. Sullivan, 966 F.2d 1255, 1258-59 (9th Cir.1992). Although appellant may have had both economic and physical difficulties in pursuing his course of physical therapy, the ALJ was entitled to assess appellant's credibility in determining how much weight to give these justifications. Magallanes, 881 F.2d at 750.
 
 
 6
 5. Appellant failed to raise his procedural objection below. He is therefore barred from raising it on appeal. United States v. Gray, 876 F.2d 1411, 1414-15 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990). Moreover, appellant presents no evidence that the assignment was the result of judicial bias or was based upon some similarly impermissible consideration. Cruz v. Abbate, 812 F.2d 571, 574 (9th Cir.1987). Nor does he cite any authority--and we have found none--holding that Social Security claims, appealed to the district court, may be heard only in judicial district branches with more than one magistrate. Under these circumstances, appellant's procedural argument must fail.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3