**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4226

CHARLIE LEON WOODARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-95-16)

Submitted: April 30, 1999

Decided: July 12, 1999

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Claire J. Rauscher, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charlie Leon Woodard was convicted of one count of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base in violation of 21 U.S.C.A. § 846 (West Supp. 1999). He appeals his conviction and sentence. Finding no reversible error, we affirm.

Woodard contends that: (1) the court improperly permitted the Government to refresh the recollections of two witnesses; (2) the court erred in declaring two witnesses hostile; (3) references to prior testimony were improper because the prior testimony was not inconsistent with the witnesses' testimony at the second trial, and the transcript of the prior trial contained leading questions; (4) the court erred by imposing a four-level enhancement to the offense level; and (5) the Government violated 18 U.S.C.A. § 201(c)(2) (West Supp. 1999) by offering leniency to witnesses.

We find that the court did not abuse its discretion in permitting witnesses to review prior testimony. See United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 233-34 (1940). To the extent there may have been an error, it was harmless because reference to the prior testimony was permitted after the witnesses were declared hostile. See United States v. Baratta, 397 F.2d 215, 222 (2d Cir. 1968). We also find that the court did not abuse its discretion in declaring the two witnesses hostile and permitting the Government to refer to their prior testimony. See United States v. Bigham, 812 F.2d 943, 946-47 (5th Cir. 1987); United States v. Karnes, 531 F.2d 214, 217 (4th Cir. 1976). Nor is a remand necessary for the purpose of directing the district court to resolve factual disputes with regards to Woodard's objection that the four-level enhancement was not justified. See United States v. Singh, 54 F.3d 1182, 1192 (4th Cir. 1995). Finally, we conclude that Woodard's claim under United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), is meritless. Singleton has been rejected by the Tenth Circuit in an en banc opinion, see United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999) (en banc), and we find the rationale of that opinion persuasive.

We affirm Woodard's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3