

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2007

# In Re: Atamian

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Atamian " (2007). *2007 Decisions.* Paper 558.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/558

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-328                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-3247
_____

IN RE: GABRIEL G. ATAMIAN, MD, MSEE, JD,

Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 07-cv-00355)

_____

Submitted Under Rule 21, Fed. R. App. P.
August 2, 2007

Before:   SLOVITER, CHAGARES AND COWEN, CIRCUIT JUDGES.

(Filed August 21, 2007)

_____

OPINION

_____

PER CURIAM

Petitioner Gabriel G. Atamian, an attorney proceeding pro se, seeks a writ of

mandamus compelling the reassignment of his pending bankruptcy appeal from the

Honorable Sue L. Robinson to another District Judge selected at random.  Mandamus is

an "extraordinary remedy" that we have discretion to award only when a petitioner

demonstrates, among other things, a "clear and indisputable" right to relief.  In re

Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006).  For the reasons that follow, Atamian has no such right here, and we will deny the petition.

Since 1995, Atamian has filed nine actions in the United States District Court for the District of Delaware.  Each of these actions has been assigned to Judge Robinson. Atamian challenges Judge Robinson's assignment to his most recently-filed action.  His sole argument is that Judge Robinson's assignment is in violation of 28 U.S.C. § 137, which he contends requires that judicial case assignments be made at random.  That statute, however, does not require any particular method of case assignment:

> The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.  The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

28 U.S.C. § 137.[1] As other Courts of Appeals have recognized, this statute "vests the district court with broad discretion in assigning court business to individual judges," and does not require the formal adoption of any particular assignment procedure.  United States v. Gomez, 189 F.3d 1239, 1243 (10th Cir. 1999) (rejecting challenge to informal rotating assignment system).  Whether considered under this statute or under principles of due process, litigants "do[] not have a right to have [their] case heard by a particular judge," have "no right to any particular procedure for the selection of the judge," and

---

[1]Atamian appears to rely on an amendment to § 137 proposed by a bill entitled the Blind Justice Act of 1999, S.1484, 106th Cong. (1999) (as referred to S. Comm. on the Judiciary Aug. 4, 1999).  The legislation proposed by that bill has not been enacted.

2

"do[] not enjoy the right to have the judge selected by a random draw." United States v. Pearson, 203 F.3d 1243, 1256 (10th Cir. 2000) (citations omitted) (collecting cases).

Atamian has not raised any legitimate challenge to the District Court's exercise of discretion here. He does not allege that Judge Robinson harbors any potential bias that might reasonably call her impartiality into question. Cf. 28 U.S.C. §§ 144 & 455. Nor does he argue that the case assignment procedure has been manipulated or that Judge Robinson's assignment has been made for an improper purpose. Cf. Cruz v. Abbate, 812 F.2d 571, 574 (9th Cir. 1987). Atamian also does not claim that the assignment of Judge Robinson violates any local rule or standing order.[2]

In sum, Atamian has come forward with no basis to challenge the District Court's exercise of its broad discretion to make judicial case assignments, and thus has no "clear and indisputable right" to reassignment by random selection here. Accordingly, his petition will be denied.

---

[2]The District Court does not appear to have formalized its case assignment procedure. Cf. D. Del. LR 40.1(a). Before filing his petition, Atamian requested that Chief Judge Gregory M. Sleet reassign his bankruptcy appeal. Chief Judge Sleet responded by letter that the District Court generally uses a random selection process, but that certain specific assignments are made in the interests of efficiency when, for example, a particular judge already is familiar with a party, which Chief Judge Sleet explained appeared to have happened here. Atamian argues that his bankruptcy appeal is not "related" to his other actions but, even assuming that were true, Atamian has failed to point to any requirement that non-related cases be assigned at random.