**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: HEROICO MARTIN AGUILUZ, | No. 11-60050 |
| Debtor, | BAP No. 10-1411 |
| HEROICO MARTIN AGUILUZ, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| HOWARD M. JAFFE, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Kirscher, and Dunn, Bankruptcy Judges, Presiding

Submitted February 7, 2013[**]
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

------

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Debtor Heroico Aguiluz appeals a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order granting summary judgment to judgment creditor Howard Jaffe on Jaffe's complaint to determine dischargeability. The bankruptcy court found that nine monetary sanctions imposed on Aguiluz for discovery violations in two state court actions were nondischargeable under 11 U.S.C. § 523(a)(6) because they arose from Aguiluz's "willful and malicious injury" to Jaffe. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

The bankruptcy court's order declaring the sanctions debt nondischargeable was not moot on account of the bankruptcy court's previous order discharging Aguiluz from bankruptcy. By statute and by its express terms, the discharge order was subject to Jaffe's pending complaint to determine dischargeability. *See* 11 U.S.C. § 727(b).

To the extent Aguiluz challenges the transfer of the adversary proceeding from Judge Bufford to Judge Carroll, case assignment decisions are "matter[s] of judicial administration committed to the sound discretion of the court." *Cruz v. Abbate*, 812 F.2d 571, 574 (9th Cir. 1987). Transfer of Judge Bufford's calendar to some other judge was inevitable on account of Judge Bufford's imminent retirement, and the transfer of all of Judge Bufford's chapter 7 cases to Judge

2

Carroll was an unbiased method of reassignment that was well within the bankruptcy court's discretion.

Although a BAP member "may not hear an appeal originating in the district for which such member is appointed or designated," 28 U.S.C. § 158(b)(5), that was not the case here. Aguiluz's appeal originates from the Central District of California. Each of the three BAP judges in this case was appointed to another judicial district. Hon. Bruce A. Markell is a bankruptcy judge for the District of Nevada. Hon. Ralph B. Kirscher is the chief bankruptcy judge for the District of Montana. Hon. Randall L. Dunn is a bankruptcy judge for the District of Oregon.

The bankruptcy court did not abuse its discretion in denying Aguiluz's motion for a continuance of the summary judgment proceedings. Aguiluz offered no evidence showing that the sanctions debt had been paid and failed to explain why he could not have presented such evidence in a timely manner. The bankruptcy court reasonably concluded that Aguiluz failed to show the requisite diligence. *See Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 810 (9th Cir. 2008).

The bankruptcy court properly granted Jaffe's motion for summary judgment—both on the ground of collateral estoppel, *see Papadakis v. Zelis (In re*

3

*Zelis)*, 66 F.3d 205, 208–09 (9th Cir. 1995), and because Aguiluz raised no genuine issue of material fact in opposition to the motion.

Aguiluz lacks standing to challenge the BAP's refusal to publish its disposition affirming the bankruptcy court.  He fails to allege any personal injury that is fairly traceable to the disposition remaining unpublished and that is likely to be redressed by its publication.  *See Pub. Lands for the People, Inc. v. U.S. Dep't of Agric.*, 697 F.3d 1192, 1195–96 (9th Cir. 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

**AFFIRMED.**